UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JEFFREY MICHAEL BRADFORD,**

    Plaintiff,

v.

**SUSAN R. CORBIN, in her official capacity as
Director of the Michigan Department of Labor
and Economic Opportunity; and
JULIA DALE, in her official capacity as
Director of the Michigan Unemployment
Insurance Agency,**

    Defendants.

Case No.

Hon.

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, by and through his attorney, files this complaint concerning violation of his rights under the Social Security Act, 42 US.C. § 300 et seq.

## INTRODUCTION

1)　Plaintiff was found eligible for Michigan unemployment benefits on April 23, 2020. On February 3, 2021, without any determination or explanation (even though he remained unemployed and continued to file claims for benefits), his benefits were stopped. In doing so, Defendants violated Plaintiff's rights under 42 U.S.C. § 503(a)(1) to "full payment of unemployment compensation when due."

## JURISDICTION AND VENUE

2) This Court has jurisdiction under 28 U.S.C. § 1331 in that the matter in controversy arises under the laws of the United States. The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1983, and Rule 57 of the Federal Rules of Civil Procedure.

3) Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred in the Western District of Michigan.

## PARTIES

4) Plaintiff Jeffrey Michael Bradford (herein "Plaintiff") at all relevant times resided and continues to reside in Indiana.

5) Defendant Susan R. Corbin is the Director of the Michigan Department of Labor and Economic Opportunity (herein "LEO") and, in her official capacity, has day-to-day responsibility over the Department's policies, practices and procedures and, furthermore, has the full authority to implement any judgment or order in this action regarding the Department's policies and practices. She is sued in her official capacity only. LEO's headquarters are in Ingham County, Michigan.

6) Defendant Julia Dale is the Director of the Michigan Unemployment Insurance Agency (herein "UIA"). She is sued in her official capacity only. UIA is a component of LEO.

## FACTUAL ALLEGATIONS

7) Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

8) Plaintiff was employed in Berrien County, Michigan in 2019 and 2020.

9) For reasons related to the Covid-19 pandemic, Plaintiff was laid off and applied for unemployment benefits in Michigan. UIA determined that he was eligible for benefits on April 23, 2020.

10) Plaintiff received unemployment benefits from April 2020 through January 2021.

11) On February 3, 2021, without any determination or explanation (even though he remained unemployed and continued to file claims for benefits), Plaintiff's unemployment benefits were stopped.

12) In March 23, 2021, UIA issued a redetermination finding Plaintiff ineligible for Pandemic Unemployment Assistance (herein "PUA") benefits "because you are not, or have not established, that you are unemployed, underemployed, unable, or unavailable for work as a direct result of Covid-19."

13) This redetermination was timely appealed and, after a hearing on the matter, on May 6, 2021, Administrative Law Judge (herein "ALJ") Tiffany Cartwright reversed UIA's decision because Plaintiff established "he was employed in the State of Michigan and that his unemployment is due to Covid 19 layoffs."

14) UIA sought a rehearing of ALJ Cartwright's decision but the request for rehearing was denied by ALJ Richard G. Finch in an order dated July 30, 2021.

15) UIA made no further request for reconsideration or appeal of either of these ALJ decisions.

16) Plaintiff's Berrien County, Michigan employer never disputed Plaintiff's eligibility for unemployment.

17) Despite the above, it is now December 2021 and Plaintiff has still not been paid any of the unemployment benefits that he is due.

## COUNT I
### Against all Defendants for violation of the Social Security Act

18) Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

19) Defendants' conduct complained of herein violates Plaintiff's right under the Social Security act 42 U.S.C. § 300 et seq. to be paid benefits promptly when due.

20) Unemployment benefits must be paid "promptly after an initial determination of eligibility." *California Dep't of Human Resources Dev v. Java*, 402 U.S. 121, 133 (1971).

21) By stopping Plaintiff's benefits without any determination or explanation on February 3, 2021 and failing to pay them even after Plaintiff won his hearing, Defendants have committed an egregious violation of 42 U.S.C. § 503(a)(1).

22) Plaintiff has a private cause of action under 42 USC 503. See e.g. *Gann v. Richardson*, 43 F Supp 3d 896, 901-904 (SD Ind., 2014); *Shaw v. Valdez*, 819 F2d 965, 966 (CA 10, 1987); *Kelly v. Lopeman*, 680 F Supp 1101, 1105-06 (SD Ohio, 1987); *Brewer v. Cantrell*, 622 F Supp 1320, 1322-1323 (WD Va, 1985), aff'd without a published opinion 796 F2d 472 (CA 4, 1986); *Jenkins v. Bowling*, 691 F2d 1225, 1228 (CA 7, 1982).

## COUNT II
### Against all Defendants for violation of 42 U.S.C. § 1983

23) Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

24) Defendants have violated Plaintiff's federal right to his unemployment compensation benefits when due pursuant to 42 U.S.C. § 503(a)(1).

25) The payment when due provision of 42 U.S.C. § 503(a)(1) is intended to benefit and protect unemployment claimants like Plaintiff.

26) The rights Plaintiff seeks to enforce in this action are concrete and tangible; the federal judiciary is competent to enforce these rights.

27) 42 U.S.C. § 503(a)(1) imposes a binding obligation on the state of Michigan.

28) Congress has done nothing to foreclose a remedy under 42 U.S.C. § 1983.

29) The conduct alleged herein deprived Plaintiff of the protections afforded by a provision of federal law.

30) Defendants acted under color of law of the state of Michigan.

31) The aforementioned acts and omissions of Defendants directly and proximately caused Plaintiff to be deprived of unemployment benefits to which he is long past due.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests that this Court grant the following relief:

(A) Declare that Defendants violated and are continuing to violate Plaintiff's rights under 42 U.S.C. § 503(a)(1);

(B) Enjoin Defendants from continuing violation of Plaintiff's rights under 42 U.S.C. § 503(a)(1);

(C) Award actual damages, nominal damages, punitive damages and any other damages shown;

(D) Award reasonable costs and attorney fees under 42 U.S.C. 1988(b) or any other applicable law; and

(E) Grant such further relief as the Court deems just and proper.

Dated: December 2, 2021          Respectfully Submitted,

/s/ Marc Asch (P75499)
The Law Office of Marc Asch
137 N. Park St., Suite 201B
Kalamazoo, MI 49007
(617) 653-8184
marc.a.asch@gmail.com
Attorney for Plaintiffs

## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through his attorney, and hereby requests a trial by jury.

Dated: December 2, 2021          /s/ Marc Asch (P75499)
The Law Office of Marc Asch
137 N. Park St., Suite 201B
Kalamazoo, MI 49007
(617) 653-8184
marc.a.asch@gmail.com
Attorney for Plaintiffs